# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| CHERYL MALDEN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 19 C 3226 |
| ) | |
| BANK OF AMERICA, N.A., ) | |
| FANNIE MAE, and REAL ) | |
| PROPERTY MANAGEMENT, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION AND ORDER

MATTHEW F. KENNELLY, District Judge:

Cheryl Malden sued Bank of America, Fannie Mae, and Real Property Services in state court. In her lawsuit, Ms. Malden sought to overturn a judgment of foreclosure entered against her in state court, and she sought damages on claims for breach of contract, violation of the Illinois Consumer Fraud Act, and other claims. Bank of America and Fannie Mae removed the case to federal court based on diversity of citizenship, saying that Ms. Malden had actually asserted no claims against Real Property Management, so that company should be disregarded for purposes of determining diversity. Ms. Malden then filed an amended complaint essentially confirming this, as she named only Bank of America and Fannie Mae as defendants. Defendants have now moved to dismiss Ms. Malden's suit on the basis of *res judicata*, or claim preclusion.

For the reasons stated below, the Court grants defendants' motion to dismiss.

**Facts**

The Court takes the facts from Ms. Malden's amended complaint and its attachments, as well as documents referenced in the complaint, as well as materials from the court record of the foreclosure lawsuit, which the Court may consider even though this is a motion to dismiss under Rule 12(b)(6), because Ms. Malden refers so extensively to the state court suit in her complaint. *See, e.g., Reed v. Palmer*, 906 F.3d 540, 548 (7th Cir. 2018); *Henson v. CSC Credit Servs.*, 29 F.3d 280, 284 (7th Cir. 1994).

In 2006, Ms. Malden obtained a home mortgage loan with Countrywide Bank. The loan was secured by a real estate mortgage in favor of Mortgage Electronic Registration Systems, Inc. (MERS), as nominee for Countrywide and its successors and assigns. MERS later assigned the mortgage to BAC Home Loans Servicing, LP. BAC merged into Bank of America.

BAC filed suit against Ms. Malden in state court in 2011, alleging she had defaulted on her loan and seeking foreclosure. To the best of this Court's knowledge, Ms. Malden asserted no counterclaims. The state court entered a judgment of foreclosure and sale against Malden in 2013. In March 2018, the state court entered an order approving a sheriff's sale of the property, directing the issuance of a deed to Bank of America, and giving Bank of America possession of the property.

Ms. Malden filed the present lawsuit about a year later, in March 2019. In her amended complaint, Ms. Malden alleges that Countrywide engaged in a scheme "to fraudulently get homeowners to take out loans that they could not afford by using fraudulent or false documentation to get homeowners approved." Am. Compl. (dkt. no.

9), p. 9 of 46, *see also id.*, p. 11 of 46.  This generated large commissions for Countrywide salespeople.  *Id.*, p. 12 of 46.  Ms. Malden alleges that in her case, the loan agent had her leave the date blank when she signed the relevant papers, *see id.*, and apparently filled this in later, which she alleges was fraudulent.  *See id.*  Ms. Malden also alleges that a Countrywide representative said he would get her loan approved by relying on the amounts held in her retirement account, which she also alleges was fraudulent.  *See id.*, p. 15 of 46.  With respect to the foreclosure case, Ms. Malden contends that Bank of America could not prove that it was a valid holder of her note and mortgage, and she says that the defendants never were able to produce her original promissory note despite her requests.  *See id.*, p. 18 of 46.  She contends that the state court judge improperly found against her in the state court case for these reasons.  *See id.*  Ms. Malden also appears to allege that the claimed assignment of her note and mortgage was inappropriate and a breach of contract, *see id.*, pp. 21-22 of 46, and/or that the transfer of her loan into a pool was a breach of contract and/or fraud, *see id.*, p. 23 of 46.

## Discussion

Defendants contend that Ms. Malden's claims are barred by the doctrine of *res judicata*, or claim preclusion.  The preclusive effect of a state-court judgment is determined by the law of the state where the judgment was rendered, in this case Illinois.  28 U.S.C. § 1738; *Marrese v. Am. Academy of Orthopaedic Surgeons*, 470 U.S. 373, 380 (1985).  In order for claim preclusion to bar a subsequent lawsuit under Illinois law, there must be a final judgment on the merits by a court of competent jurisdiction; an identity of the causes of action; and an identity of the parties or their privies.  *Rein v.*

*David A. Noyes & Co.*, 172 Ill. 2d 325, 337, 665 N.E.2d 1199, 1205 (1996). If these three elements are present, claim preclusion "will bar not only every matter that was actually determined in the first suit, but also every matter that might have been raised and determined in that suit." *Id.* at 338, 665 N.E.2d at 1205.

The first and third of the three requirements are unquestionably met. Specifically, the state court's approval of the sheriff's sale of the property constituted a final judgment on the merits. *See HSBC Bank USA, N.A. v. Townsend*, 793 F.3d 771, 775-76 (7th Cir. 2015) (foreclosure not final until sale of property). And the same parties—Ms. Malden and Bank of America—were opposing litigants in both cases.

As for the second requirement, the current case and the foreclosure suit involve the same "cause of action" as Illinois claim preclusion law uses that term. Separate claims are considered part of the same cause of action for purposes of claim preclusion if they arise from a single group of operative facts, even if different theories of relief are involved. *See Huon v. Johnson & Bell, Ltd.*, 757 F.3d 556, 558 (7th Cir. 2014) (applying Illinois law). Both the state-court foreclosure suit and Ms. Malden's current suit arise from the same group of facts, specifically the execution and performance of the note and mortgage.

More to the point, "Illinois preclusion law bars a party from raising a claim in a subsequent proceeding that would have constituted a defense or counterclaim in a prior action if the successful prosecution of the later claim would nullify rights established by the prior action." *Henry v. Farmer City State Bank*, 808 F.2d 1228, 1235 (7th Cir. 1986). As in *Henry*, Ms. Malden's "allegations of fraud . . ., if substantiated, would have been a complete defense to the foreclosure proceedings." *Id.* Having failed to assert those

4

allegations in state court, Ms. Malden cannot, in effect, attack the state court judgment by filing a fresh suit based on the same facts. *See also, e.g., Whitaker v. Ameritech Corp.*, 129 F.3d 952, 957 (7th Cir. 1997) (precluding a defendant from pursuing a federal RICO claim based on fraudulent billing following an adverse state court judgment for failing to pay the same bills).

## Conclusion

For the reasons stated above, the Court grants defendants' motion to dismiss [dkt. no. 11] and directs the Clerk to enter judgment dismissing this case with prejudice.

Date: December 30, 2019

_____
MATTHEW F. KENNELLY
United States District Court